Good morning, Your Honors. May it please the Court, I'm Sharon Blackford, and I request four minutes for rebuttal. I represent the appellant, Mr. Terazze Taylor. I apologize for my voice, I have a cold. This case revolves around application of sentencing guidelines, section 3C1.1, and its application notes. And the problem in this case is the conduct that the district court found formed the basis and supported an adjustment under that section is too far attenuated from the offense of conviction to support it. That's my basic argument. I think the key to this case lies in note, application note 4B. That note says that the obstruction adjustment applies for committing perjury if such perjury pertains to conduct that forms the basis of the offense of conviction. The briefs address whether a finding of perjury was made, and I have nothing more to add to that particular argument unless the Court has questions. Assuming without admitting that such a finding of perjury was made, here Mr. Thomas was found by Magistrate Tyler, if she did, to have committed perjury twice when he described the events of the Jovan Ness incident. That's the alleged domestic violence incident that formed the basis for the bond revocation hearing. The incident that was dismissed in state court. So first she specifically found that he did not tell, she did not believe his testimony at that bond revocation hearing that while he had at first lied to the officer at the apartment complex and said he hadn't been at the scene, that he had then later come clean to that officer and said, well, yes, I was at the scene. He told her in court that he had been at the scene the whole time and that he'd eventually come clean about that. The officer contradicted him. She said she didn't believe him on that point. So there may have been a finding of perjury there, and that would have formed one of the bases for the obstruction adjustment. Secondly, she found that in general, Mr. Taylor's testimony explaining his conduct there at the apartment complex, quote, contradicted some of the key points of the independent witness and of the officer at the scene. And so she didn't get more specific about that. She just made that general statement and she revoked his bond. If these findings or if these statements he made were perjury, then they didn't satisfy Note 4B's requirement that they pertain to conduct that forms the basis of the offense of conviction. There was only one conviction here. That was for VA fraud and the federal charges surrounding that VA fraud. There was never a conviction on the domestic violence state matter. So his perjury only related to the basis of the offense of conviction of a conviction that didn't exist, that never happened. And you're saying it has to relate to the offense of conviction? It can't relate to the prosecution procedure on the offense? Right. This is the core of the issue of the case because Application Note B sets out several instances, examples in which conduct could form the basis for the obstruction. And there is also Note F, which includes basically lying to a magistrate. And I believe that that's what the government is focusing on saying he lied to a magistrate. Therefore, it could form the basis because it's part of the sentencing or part of the prosecution. It's also part of whether he remains out on bail or not. Right. Yes, Your Honor. Why doesn't that relate? I mean, statements to a parole officer have been held connected. Yes, as the government points out, absolutely. So why doesn't that answer your concerns? The reason that I see is because for, I think, H it is, F, is quite broad. If you read it to encompass all statements made during the prosecution, then it would swallow up 4B. Well, there has to be some kind of, I would take your point that it would swallow the rule. Completely. The language does, I think, fairly has to be understood as having some rational connection to the offense of conviction. But if someone is out on bail for the offense of conviction and then lies to the magistrate when it comes to revoking, why isn't that connected to the underlying offense of conviction? Because, you know, it's part of the process. And, you know, maybe he's lying to get out and stay out so he can do something else to obstruct. In fact, there were suggestions that he was willing to go out with respect to the unrelated offense, contact witnesses. Yes, Your Honor, I understand that. Aside from the argument that 4H would swallow 4B and make it meaningless, it seems that we have a different standard in 4B, a standing of perjury. Whereas in 4F, there's not a requirement that there was actually perjury. It's just any false statement. You can be sitting doing your proffer with the probate or pretrial officer and just describing your conditions to them and your situation and just say something that isn't quite true. And that will qualify under 4F. But a finding of actual perjury has to be related to the offense of conviction. And it seems to me that for 4B to have any meaning, then it has to be restricted to perjury, not to just statements made to a probation or pretrial services officer. So it seems to me that the way it's written, there's a different standard and that it's a perjury standard. And whenever you're dealing with actual perjury, it has to relate to the offense of conviction. Can I just ask one question here? Hernandez-Ramirez, which is the, I believe, the parole officer, did that case require that the misstatements or misrepresentations constitute perjury? No, Your Honor, they did not. I believe that what made Hernandez-Ramirez a little bit different from this case was that his statements were about finances and taxes and that his offense of federal conviction related to finances and taxes. And those were so closely related that it could possibly have been seen as part of the offense or a closely related offense. So that's what is different to me about Hernandez-Ramirez. Ms. Blackford, you wanted initially, you said four minutes for about a, you're down to two and a half minutes. I can be quiet now, Your Honor. Thank you. It's up to you. Yes, Your Honor, thank you. Good morning, Your Honors. Helen Bruner on behalf of the United States. Let me start then with commentary note 4B. I think the problem is that the language with due respect to counsel reads, she has ellipsed out a little bit of the language. It reads, committing, suborning, or attempting to suborn perjury. And then it has a comma, including during the course of a civil proceeding, if such perjury pertains to conduct that forms the basis of the offense of conviction. So one could read that, obviously, two separate ways. I would suggest that given that there is no comma after including during the course of a civil proceeding, that really the last piece which says pertaining that forms conduct that forms the basis of the offense of conviction really goes to the civil proceeding. And that makes sense because if you're saying a completely independent civil proceeding and perjury during that proceeding, how does that relate back to the offense of conviction? I think here what is also important. Excuse me. So you would not rely on 4B then? I would rely on 4B to the extent that I'm saying that the part that requires relating, that forms the base of the offense of conviction, really goes to the civil proceeding portion of that commentary note. And the reason I say that, Your Honor, is if you look then down to 4F, which says basically material. Hold on a second. I just want to make sure I'm reading. Okay, committing, suborning, or attempting to suborn perjury, general. Yes. But it would include during the course of a civil proceeding, if the perjury pertains to the conduct that's essentially related to the offense of conviction. Yes, Your Honor. That would not apply here because that additional, the including clause would not apply here because it wasn't in a civil proceeding? Exactly. Exactly, Your Honor. In any event, it didn't form the basis of the offense of conviction. Correct. Right. And the reason I say that as well, Your Honor, is when we then look at providing materially false information to a judge or magistrate judge, again in connection with the investigation, prosecution, or sentencing, it would not make sense in that context then to have, to say that the perjury, the more serious, if you will, false statement, does not, has to relate back to the offense of conviction, while any other false statement would not. The counsel's argument is that if you then, that's why I was asking, whether you were relying on B or not, because F talks about, obviously by its plain terms, materially false information. That's right. So what is the purpose of B if it doesn't modify F? I think it's the other way around, Your Honor. That's why I say I think the last part of B modifies only civil proceeding because everything else would be in this case. Where are you reading committing, suborning, or attempting to suborn perjury? Would you say that has to be addressed directly to the offense of conviction or that could apply in an unrelated criminal case? So it wouldn't fall in the civil exception. No. What would have to be the connection between B grounds and where we are in this particular case? I understand the court's question. I think that goes back to the language of 3C1.1 itself, which says willfully obstructing and impeding or attempting to obstruct and impede the administration of justice with respect to the investigation, prosecution, or sentencing. So that would be this? Yes. Yeah, that would be the offense of conviction. I would say, Your Honor, respectfully, with respect to this proceeding. The proceeding, okay. So that any perjury given during the course of the prosecution. But as long as the proceeding is related to the offense of conviction. Of conviction. Okay. I know it's confusing, but I think if I can move forward, when you then look at materially false statements to a judge or magistrate judge, which then also need to be with respect to the investigation, prosecution, or sentencing, that's where this becomes even more clear. And the court's decision in Hernandez-Ramirez, I think, illustrates that fact because the false statement in an application for appointment of counsel certainly doesn't directly relate to, it relates to the offense of conviction, but it's not with respect to the fact itself. I do understand it has to be connected to the proceedings, but it does have to be, to bring it under B, it has to relate to perjury. And then F uses a broader term, materially false. So I would assume that just any misrepresentation wouldn't qualify. It wouldn't have to be, in your view, perjury or attempted perjury, but it also couldn't be just lying about where they went to breakfast or why they were late for a court appearance. Exactly, Your Honor. And I think in this context it's so clear that what he is doing is attempting to obstruct the revocation hearing, the bond revocation hearing, because his false statements are not only that I didn't say what the officer said I said, it was basically a whole new narrative about what happened with the assault. Did the district court rely in part on the phone calls from jail, the indirect attempts to reach a witness? I think you can read the record as saying that the district court relied first on the bond revocation hearing and then goes to the second piece and says that also illustrates his conduct. I don't think it's that the court was, I think it was almost an alternative, although not entirely clear from the record. I think he even uses the word alternative, and so that's the reason for my question. All right. Counsel, I have a question about extra circuit precedent. Yes, Your Honor. I had the impression that our Ninth Circuit precedent wasn't crystal clear, focusing on this precise issue, but you could correct me if I'm wrong in that. But I thought there was, at a note, there was an Eighth Circuit case that supported the government's position, and maybe a Second Circuit case that looked in the opposite direction. So could you touch on whether there's Ninth Circuit law that sort of resolves this clearly, and also whether we'd be splitting with the Eighth Circuit if we accepted Appellant's view, and also whether we'd be splitting with the Second Circuit if we take your view? Okay. Your Honor, first of all, you are correct. The Eighth Circuit in Odell dealt with precisely the question of whether a false statement during a bond revocation hearing was sufficient and held that, in fact, that that fell within the scope of Section 3C1.1. In Kim Chiavelli, and I apologize for not being able to pronounce that well, the Second Circuit already held contrary to this court in Hernandez-Ramirez and said that the false statement in a financial application filed for the purpose of obtaining court-appointed counsel did not constitute obstruction. What is interesting, however, though, is that since that decision, and more recently in a case called United States v. Butters, which is cited in our brief, it's an unpublished decision from the Second Circuit. It carves out, if you will, it makes a distinction between statements during a bond hearing or that went to the question of detention or bail and the statement in a financial affidavit related to obtaining counsel. And although the court then remanded it back for further findings, it makes clear that the statements that go to bail and detention are, in fact, statements that could fall within the scope of 3C1.1. So to answer the court's question, I don't believe that if the court were to find in accordance with the government's arguments that you would be causing a circuit split. Thank you. If the court has no other questions for me, then I will ask the court to affirm. Thank you. Thank you very much. Counsel, could you just give me your position on whether the judge made the alternative finding regarding the phone calls from the jail cell? I agree with the government that he did. Okay, thank you. Yes, I think that's very clear from the transcript. Excuse me. And regarding that, I know we haven't discussed it much today, but it is an alternate basis for finding the obstruction. And I would simply say that while it could be viewed as an attempt to prevent, to threaten or unlawfully influence a witness, she was a former witness in a matter that was already over and there was no further proceedings scheduled or contemplated in that matter. The bond matter was settled. The case that underlay it was dismissed, and there was no further relevance of that witness to this case. And she didn't have anything to do with the VA? Nothing. Okay. Nothing. So I would say that she wasn't a witness in this case. She was no longer a witness in a state case, and so he was trying to influence something that, I mean, this may sound insulting to him, but was useless and meant nothing. So I don't think that that really supports obstruction of justice because it was a complete irrelevance to this case in every way. I don't believe that no, I think that this court would be potentially splitting from Dell. I have to be honest and say that I believe that O'Dell went the wrong way. I believe that O'Dell would be contrary to the position I'm advocating. I don't think there's any other way I can portray that. But I do believe that O'Dell got it squarely wrong in that if it's perjury, it must go under 4B, not 4F. What do you think is the state of the Second Circuit's law right now? I believe it's in flux, Your Honor. I can't tell you that I believe that there is one settled position in the Second Circuit. I'm sorry. I must admit I don't quite understand opposing counsel's argument regarding perjury during the course of a civil proceeding. Maybe I'm just not getting it. But how could it form the basis of the offense of conviction? There's no conviction in a civil proceeding. I don't quite understand how that would relate to this argument at all. I guess we'll have to parse the sentence again. Yes, Your Honor. I've done that many times, and obviously so has the balance of opposing counsel. If there are no further questions, then I would simply ask you to reverse. Thank you very much. Thank you very much. Very helpful argument on both sides. I thank counsel for their arguments on both sides of the case. The United States v. Taylor shall be submitted.
judges: Fisher, Gould, Christen